**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JULIO FLOREZ, | : | |
| | | Civil Action No. 05-0667 (RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| FEDERAL BUREAU OF PRISONS, | : | |
| et al., | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se:
Julio Florez
#54666-053
FCI Fort Dix
P.O. Box 1000
Fort Dix, NJ 08640

Counsel for Respondents:
Irene E. Dowdy
Asst. U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**KUGLER**, District Judge

Petitioner Julio Florez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.  BACKGROUND

In 2001, Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, in the U.S. District Court for the Eastern District of New York.  On September 6, 2001, he was sentenced to a term of 57 months imprisonment, with five years of supervised release to follow.  Petitioner is presently confined, pursuant to that sentence, in the Federal Correctional Institution at Fort Dix, New Jersey.

Petitioner has been advised that his projected release date is July 28, 2006, and his pre-release preparation date, or the first date he would be considered for pre-release transfer to a Community Corrections Center pursuant to 18 U.S.C. § 3624(c), is February 28, 2006.

Petitioner contends that his pre-release preparation date was calculated pursuant to a Bureau of Prisons' December 2002 policy, which he characterizes as "illegal" because it conflicts with 18 U.S.C. §§ 3621(b) and 3624(c).

In lieu of an Answer, Respondents sought and obtained leave to file a Motion to Dismiss, which was filed on March 7, 2005.  Respondents asked this Court to dismiss the Petition as moot because the December 2002 policy was no longer in effect and because Petitioner had not challenged new regulations governing pre-release transfer to Community Corrections Centers, which

became effective on February 14, 2005.  See 28 C.F.R. §§ 570.20, 570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005).

Petitioner has failed to file any opposition to Respondents' Motion to Dismiss.  Nor has he sought leave to amend the Petition to assert a claim challenging the new regulations.  Accordingly, this matter is ripe for determination.

## II.   ANALYSIS

This Court has previously held that the BOP December 2002 policy is invalid.  See Cestaro v. DeRosa, 04-cv-0792(RBK) (D.N.J. July 6, 2004).  It is apparent, however, that the December 2002 policy will not govern the pre-release planning for Petitioner, who was already confined on February 14, 2005, the effective date of the new BOP regulations.  See 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.


S/Robert B. Kugler<br>Robert B. Kugler<br>United States District Judge

Dated: August 23, 2005